HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WITTENBERG, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>PUBLIC UTILITY DISTRICT NO. 1 OF SKAMANIA COUNTY, et al.,<br><br>   Defendants. | No. 12-cv-5090-RBL<br><br>ORDER<br><br>(Dkt. #41, 42, 43, 44) |

Both parties have moved for reconsideration of the Court's Order on Summary Judgment (Dkt. #36).

**STANDARD FOR MOTIONS FOR RECONSIDERATION**

Under Local Rule 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly

Order - 1

discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff asserts that the Court has "overlooked certain factual issues . . . regarding the nature and basis of Mr. Wittenberg's whistleblower claims, and that it misapprehended aspects of the governing legal scheme . . . ." (Pl.'s Mot. for Reconsideration at 1, Dkt. #42.) Specifically, Plaintiff argues that whether his whistleblower claims were made in good faith is "a disputed factual issue hinging directly on the credibility of a witness." (*Id.* at 2.)

The Court must disagree. Under these circumstances, no reasonable juror could conclude that Plaintiff's "whistleblower claims"—complaints asserted against a perceived political rival regarding FOIA requests that are clearly legal—were made in "good faith." The Court therefore denies Plaintiff's Motion for Reconsideration.

### DEFENDANT'S MOTION FOR RECONSIDERATION

The Court requests that Plaintiff respond to Defendants' Motion for Reconsideration (Dkt. #44) on the narrow issue of whether Plaintiff is a "policymaking" official and the implications of such a designation.

### CONCLUSION

Plaintiff's Motion for Reconsideration (Dkt. #42) is **DENIED**. The Clerk is directed to **STRIKE** docket number 41. The Court requests Plaintiff's response to Defendant's Motion for Reconsideration (Dkt. #44) within **10 days**.

Dated this 29th day of May 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE